## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **RAYVAUGHN WOODS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 22-CV-0499-CVE-JFJ** |
| | ) | |
| **AT&T CORPORATION, Oklahoma City,** | ) | |
| **Oklahoma,** | ) | |
| **AT&T CORPORATION, Washington, DC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Plaintiff Rayvaughn Woods commenced this action on November 9, 2022, by filing a civil rights complaint (Dkt. # 1) and a motion for leave to proceed in forma pauperis (Dkt. # 2). Based on representations in the motion, the Court authorizes Woods to proceed without prepayment of the filing fees and waives the requirement that he make an initial partial payment. 28 U.S.C. § 1915(a)(1), (b)(4). However, for the following reasons, the Court dismisses the complaint for failure to state a claim upon which relief may be granted.

## I.

The Prison Litigation Reform Act (PLRA) requires federal courts to screen civil complaints filed by prisoners. 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id. § 1915A(b). When a plaintiff appears pro se, the court must liberally construe the complaint and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); Kay v. Bemis, 500 F.3d

1214, 1217-18 (10th Cir. 2007).  But the rule of liberal constructions simply "means that if the court can reasonably read the [complaint] to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Critically, the rule of liberal construction "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."  Id.  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."  Id.  "Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."  Id.  And, if "the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the court should dismiss the complaint.  Bell Atl. Corp., 550 U.S. at 558.

## II.

Woods presently is incarcerated at the Howard McLeod Correctional Center in Atoka, Oklahoma.  Dkt. # 1, at 2.  He purports to sue two defendants:  AT&T Corporation in Oklahoma City, Oklahoma, and AT&T Corporation in Washington, D.C. (collectively, "defendants").  Id. Woods appears to indicate in his complaint that he brings this action against the defendants under either 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Id. at 3-4.

Woods's claims are unclear, but he appears to allege that the defendants violated:  (1) rights provided to Woods in AT&T's corporate policies; (2) Woods's Fourth Amendment right to be free from an unreasonable search and seizure; (3) his Fifth Amendment rights (a) to due process,

(b) against self-incrimination, and (c) to be provided just compensation when private property is

taken for public use; (3) his Eighth Amendment right to be free from cruel and unusual punishment;

(4) his Fourteenth Amendment right to equal protection of the law; (5) the Telephone Consumer

Protection Act; (6) the Personal Privacy Protection Act; (7) the Federal Arbitration Act; and (8)

the "Sherman Antitrust." Dkt. # 1, at 4-6; Dkt. # 1-2, at 2. Woods describes his claims as follows:

> This case is a litigation of complaints about not having authorization to use
> corporate building when a[n] audio tape recording of a client was release[d] into
> public. Allegation that the company defrauded the United States by knowingly
> passing through to government customers file in violation of the Telephone
> Consumer Protection Act term of AT&T Corporation contract.
>
> The works at issue such as Securus Technology Tablet, cellphones, and Mp3
> players in surrounding areas. That are original musical compositions present by
> prison institutes. Assum[e] lack of the copyright owner consent on the value likely
> determined is well documented as act of infringement.
>
> The effect of each file shares courtroom litigation on 3/2005, 2/2009, and 6/2021
> such as report. In a consistance [sic] time frame close to each year.
>
> I purchase[d] telephone service from AT&T Phone Corporation for three months.
> Than [sic] once the phone service was to be disconnected. AT&T Corporation
> release[d] my phone records to the public for monetary gain. AT&T Phone
> Corporation sold my conversation to profit. Broadcast Music Incorporation (BMI)
> has represented me in court a enforce legal member. Restricting the corporation by
> copyright infringement verdict within a judge order.

Dkt. # 1, at 6-7, 8.

In the section of the complaint that asks Woods to describe whether he sustained any

injuries related to the events he describes in the complaint, Woods states: "Mercy Hospital Nov.

12, 2008 Oklahoma City, Oklahoma 73102. Has records of a right arm wound. That happend

[sic] during a house party playing that music." Dkt. # 1, at 7.

In the section of the complaint that asks Woods to briefly state the relief he requests from

this Court through this civil action, Woods states:

> The product was a[n] investment to my business plan. It's a wage loss behind the
> release of products. Theft is a criminal offense in the State of Oklahoma. I'm

requesting Justice for Invasion of privacy a constitutional right provided to citizens in the United States.  The actual damage of thirty-two million dollars recover [sic] in statutory damage.  Allowing me to seek three million dollars in compensation.  A infringe value of minium [sic] lacking the maxium [sic] value.  Copyright infringement is a violation that sustain my relief.

Dkt. # 1, at 7-8.

### III.

For two reasons, the Court dismisses the complaint.  First, Woods purports to bring this action under 42 U.S.C. § 1983 and Bivens.  To state a plausible claim for relief under § 1983, a plaintiff must allege facts demonstrating (1) that a "person" (2) acting under color of state law (3) deprived him "of a right secured by the Constitution and laws of the United States."  West v. Atkins, 487 U.S. 42, 48 (1988).  In very limited circumstances, Bivens provides a remedy for citizens who allege that federal officials violated their constitutional rights.  Egbert v. Boule, 142 S. Ct. 1793, 1800 (2022); see also Hartman v. Moore, 547 U.S. 250, 254 n.2 (2006) (describing a Bivens action against federal officials as "more limited" but analogous to a § 1983 action against state officials).  But Woods identifies no defendants from whom he could seek relief under § 1983 or Bivens.  Neither named defendant is a state or federal official and, ordinarily, a private corporation may not be sued under either § 1983 or Bivens.  See e.g., Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66 (2001) (holding that Bivens does not "confer a right of action for damages against private entities acting under color of federal law"); Lugar v. Edmonson Oil Co., Inc., 457 U.S. 922, 935-37 (1982) (explaining that § 1983 generally does not provide relief against conduct by private actors unless that conduct is "fairly attributable to the State").  Thus, to the extent Woods's complaint could be construed as asserting any claims against the named defendants, under either § 1983 or Bivens, he fails to state any claims on which relief may be granted.

4

Second, even accepting as true Woods's factual allegations, to the extent the Court understands them, the Court discerns no conceivable, much less plausible, claims for relief against the named defendants under any other federal cause of action that Woods attempts to identify in the complaint.  Dkt. # 1, generally.  Moreover, Woods's alleged injury—an arm wound he purportedly suffered in 2008 during a house party—is wholly unrelated to his allegations that the defendants released his phone records to the public, sold his private conversations for profit, committed copyright infringement, used a corporate building without authorization, violated unidentified corporate policies, or defrauded the United States.  Thus, to the extent Woods's complaint could be construed as asserting any claims against the named defendants, under various federal laws that he identifies in the complaint, he fails to state a claim on which relief may be granted.

## IV.

Ordinarily, a court should provide a pro se plaintiff leave to amend a deficient complaint. Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990).  But "the district court may dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his complaint."  Brereton v. Bountiful City Corp., 434 F.3d 1213, 1219 (10th Cir. 2006). Here, the Court finds it would be futile to grant Woods leave to amend his complaint.  The Court therefore dismisses the complaint, without prejudice, for failure to state a claim on which relief may be granted.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The complaint (Dkt. # 1) is **dismissed without prejudice** for failure to state a claim on which relief may be granted.

2. The motion for leave to proceed in forma pauperis (Dkt. # 2) is **granted**.

3. This is a final order terminating this action.

   **DATED** this 7th day of December, 2022.

   _____
   CLAIRE V. EAGAN
   UNITED STATES DISTRICT JUDGE